UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-03589-KK-ACCVx** | Date: | July 9, 2026 |
|---|---|---|---|
| Title: | ***Jose Rutilio Equite Marroquin v. Facility Administrator et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:     (In Chambers) Order GRANTING Petitioner's Motion for a Preliminary Injunction [Dkt. 2]**

**I.
INTRODUCTION**

On June 29, 2026, petitioner Jose Rutilio Equite Marroquin ("Petitioner"), who is currently detained in the custody of Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus ("Petition") against respondents Desert View Annex Facility Administrator, ICE Los Angeles Field Office Director, David Venturella, Markwayne Mullin, and Todd Blanche (collectively, "Respondents").  ECF Docket No. ("Dkt.") 1, Petition ("Pet.").  On the same day, Petitioner filed a Motion for a Temporary Restraining Order ("TRO"), which the Court converted to the instant Motion for Preliminary Injunction ("Motion").  Dkt. 2, Motion ("Mot."); Dkt. 6.

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Petitioner's Motion is **GRANTED**.

**II.
BACKGROUND**

**A.     RELEVANT FACTS**

Petitioner is a citizen of Guatemala with longstanding familial ties to the United States.  Pet. ¶¶ 1, 14.  In 2014, Respondents issued a final order of removal for Petitioner.  Id. ¶ 15.  "[Petitioner] later departed and subsequently reentered the United States."  Id.

On June 7, 2026, Petitioner was taken into ICE custody.  Id. ¶ 16.  Petitioner is subject to removal based on his reinstated removal order pursuant to 8 U.S.C. § 1231(a)(5).  Id. ¶¶ 2-3, 20.

Petitioner has "expressed a fear of returning to Guatemala based on widespread and serious violence there."  Id. ¶ 17.  Despite this, Respondents have not provided Petitioner an interview during which an officer can determine whether Petitioner has a reasonable fear of returning to Guatemala (the "reasonable fear interview") as required under 8 C.F.R. § 241.8(e).  Id. ¶¶ 3, 17, 18.

## B.    PROCEDURAL HISTORY

On June 25, 2026,[1] Petitioner filed the operative Petition against Respondents, raising the following grounds for relief:

1. **Ground One**: Failure to Perform Mandatory, Non-Discretionary Duty (8 C.F.R. § 241.8(e)); and
2. **Ground Two**: Unlawful Detention, in violation of the Fifth Amendment to the United States Constitution.

Id. ¶¶ 24-25.

The Petition seeks an order requiring Respondents schedule Petitioner for a reasonable fear interview and provide an individualized custody determination in the interim.  Id. at 4.

On the same day, Petitioner also filed a Motion for a TRO, which the Court converted into the instant Motion for a Preliminary Injunction.  Mot.; Dkt. 6.  The Motion seeks an order enjoining Respondents from transferring Petitioner out of this District and effecting his removal prior to the interview.  Mot. at 1-2.

On July 6, 2026, Respondents filed an Opposition to the Motion and Answer to the Petition ("Opposition").  Dkt. 8, Opposition ("Opp.").  In support of their Opposition, Respondents filed a custody log, Dkt. 8-1, and other records for Petitioner, Dkt. 8-2.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, the Court may grant a preliminary injunction to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

The party seeking such relief must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its

---

[1] As discussed below, the Petition is dated June 25, 2026, and was signed and mailed from the Adelanto ICE Processing Center.  See Pet. at 4-7, 9.

favor; and (4) the injunction is in the public interest ("<u>Winter</u> factors"). <u>See id.</u> at 20. Courts in the Ninth Circuit also employ "an alternative 'serious questions' standard, [] known as the 'sliding scale' variant of the <u>Winter</u> standard." <u>Fraihat v. U.S. Immigr. & Customs Enf't</u>, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under the serious questions standard, the four <u>Winter</u> factors are "balanced, so that a stronger showing of one element may offset a weaker showing of another." <u>All. for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a preliminary injunction may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other <u>Winter</u> factors are also met. <u>Id.</u> at 1132.

## IV.
## <u>THE WINTER FACTORS WEIGH IN FAVOR OF GRANTING THE PRELIMINARY INJUNCTION</u>

### A.      LIKELIHOOD OF SUCCESS ON THE MERITS

The likelihood of success on the merits is the most important <u>Winter</u> factor, which "is especially true for constitutional claims." <u>Junior Sports Mags. Inc. v. Bonta</u>, 80 F.4th 1109, 1115 (9th Cir. 2023) (citing <u>Melendres v. Arpaio</u>, 695 F.3d 990, 1002 (9th Cir. 2012)). Here, the Court finds Petitioner is likely to succeed on the merits or has at least raised serious questions regarding the merits of claim that his instant detention without a reasonable fear interview violates his right to due process.

### 1.      Applicable Law

Under the Due Process Clause, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment . . . lies at the heart of the liberty" protected by the Due Process Clause. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." <u>Id.</u> at 693. As the Supreme Court recently reaffirmed, the Fifth Amendment "entitles [noncitizens] to due process of law in the context of removal proceedings." <u>A.A.R.P. v. Trump</u>, 605 U.S. 91, 94 (2025) (citation modified) (quoting <u>Trump v. J.G.G.</u>, 604 U.S. 670, 673 (2025)).

"Due process is flexible and calls for such procedural protections as the particular situation demands." <u>United States v. Rivera-Valdes</u>, 157 F.4th 978, 991 (9th Cir. 2025) (citation modified) (quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 481 (1972)). "If an [individual] removed pursuant to a removal order subsequently reenters the United States illegally, the original removal order may not be executed against him again unless it is reinstated by an authorized official." <u>Ortiz-Alfaro v. Holder</u>, 694 F.3d 955, 956 (9th Cir. 2012) (citing <u>Morales-Izquierdo v. Gonzales</u>, 486 F.3d 484, 487 (9th Cir. 2007) (en banc)). "Before DHS can remove an [individual] pursuant to a reinstated removal order, DHS must comply with procedures set forth in 8 C.F.R. § 241.8(a) and (b)." <u>Id.</u> (citing <u>Galindo-Romero v. Holder</u>, 640 F.3d 873, 877 (9th Cir. 2011)). First, an immigration officer must "(1) obtain the prior order related to the [individual], (2) confirm that the [individual] under consideration is the same [individual] who was previously removed or voluntarily departed, and (3) confirm that the [individual] unlawfully reentered the United States." <u>Lin v. Gonzales</u>, 473 F.3d 979, 983 (9th Cir. 2007). Second, the immigration officer must give the individual an opportunity to

contest the determination.  Id.  "If these requirements are met, the [individual] 'shall be removed' under the prior removal order."  Ortiz-Alfaro, 694 F.3d at 956 (citing 8 C.F.R. § 241.8(c)).

"However, § 241.8(e) ["Section 241.8(e)"] creates an exception by which an [individual] who asserts 'a fear of returning to the country designated' in his reinstated removal order is 'immediately' referred to an asylum officer who must determine if the [individual] has a reasonable fear of persecution or torture in accordance with 8 C.F.R. § 208.31."  Id. (quoting 8 C.F.R. § 241.8(e)).  "If, however, 'the asylum officer decides that the [individual] has not established a reasonable fear of persecution or torture,' then the [individual] is entitled to appeal that determination to an [immigration judge]."  Ayala v. Sessions, 855 F.3d 1012, 1015-16 (9th Cir. 2017) (citing Ortiz-Alfaro, 694 F.3d at 957 (citation modified)).  Although "[t]he regulations provide no means by which an [individual] with a reinstated removal order may apply for asylum," Ortiz-Alfaro, 694 F.3d at 957, the reasonable fear interview "is the first step for seeking withholding of removal," J.L.R.P. v. Wofford, No. 1:25-cv-01464-KES-SKO (HC), 2025 WL 3190589, at *5 n.4 (E.D. Cal. Nov. 14, 2025).

### 2.    Analysis

As an initial matter, the Court rejects Respondents' argument that this Court lacks jurisdiction over the Petition.  Respondents assert jurisdiction is lacking because Petitioner was transferred from this District prior to filing the Petition.  Opp. at 2.  However, the Petition was signed and dated on June 25, 2026, and sent from the Adelanto ICE Processing Center.  See Pet. ¶¶ 7, 16; id. at 4-7, 9.  Thus, pursuant to the "mailbox rule," the Court deems the Petition constructively filed on that date, while Petitioner was detained in this District.  See Miller v. Dir. of Atascadero State Hosp., No. SACV 20-01035-RGK-KKx, 2020 WL 3258404, at *1 n.2 (C.D. Cal. June 16, 2020) ("Under the 'mailbox rule,' when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed." (citing Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010))).  Notably, the custody log Respondents submit only confirms Petitioner was transferred out of the District on June 25, 2026, i.e., the same day he constructively filed the Petition.  Dkt. 8-1.  Hence, the Court finds it retains jurisdiction over the Petition.  See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) ("[B]ecause jurisdiction attaches on the initial filing for habeas corpus relief, . . . it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (citation modified)).

The Court further finds Petitioner is likely to succeed on his claim that ICE violated its regulations by failing to provide an interview pursuant to Section 241.8(e) and thus infringed on his right to due process.  First, "[t]he Court finds that Petitioner is entitled to a reasonable fear determination under 8 C.F.R. § 241.8, which mandates that any noncitizen whose prior order of removal has been reinstated [] shall be promptly referred to an asylum officer for a reasonable fear interview."  Ramirez v. Noem, No. CV 26-02856-WLH-MARx, 2026 WL 851359, at *2 (C.D. Cal. Mar. 25, 2026).  On the record presently before the Court, Petitioner has demonstrated no immigration officer has provided him with an opportunity to contest the determination on his removability.  See Lin, 473 F.3d at 983.  Petitioner has been detained for one month.  Pet. ¶ 16.  Nonetheless, he has not been provided with the reasonable fear interview.  Id. ¶¶ 3, 18; see 8 C.F.R. § 241.8(e).  Thus, Petitioner has shown Respondents failed to comply with the requirement to "immediately refer[] [him] to an asylum officer for an interview to determine whether [he] has a reasonable fear of persecution or torture."  See 8 C.F.R. § 241.8(e); see also Ramirez, 2026 WL

---

851359, at *2 (finding the first <u>Winter</u> factor favored petitioner who had not been provided a reasonable fear interview).

In their Opposition, Respondents argue "Petitioner is not in reinstatement of removal proceedings pursuant to 8 C.F.R. § 241.8" because Respondents are "effectuat[ing] th[e] [2014] removal order for the first time" and claim "[r]einstatement of removal per se requires that ICE physically remove someone . . . for the initial removal order to be 'reinstated.'"  Opp. at 6. However, Respondents' argument is contrary to the plain text of the regulation, which provides that reinstatement applies both to individuals who were physically removed by ICE and those who "departed voluntarily."  8 C.F.R. § 241.8(a).   Moreover, Petitioner asserts, and Respondents do not dispute, Petitioner departed the United States after his 2014 removal order became final, and he subsequently reentered the country.  <u>See</u> Pet. ¶ 15; Opp.  "When an [individual] subject to removal leaves the country, the removal order is deemed to be executed.  If the [individual] reenters the country illegally, the order may not be executed against him again unless it has been 'reinstated' by an authorized official."  <u>Morales-Izquierdo</u>, 486 F.3d at 487.  Hence, Respondents' assertion that Petitioner is not in reinstatement of removal proceedings is contradicted by the relevant facts and applicable law.[2]

Accordingly, because Petitioner is likely to succeed on the merits of his claim that ICE violated its regulations in failing to provide him with a reasonable fear interview, the first and most important <u>Winter</u> factor weighs in favor of Petitioner.  <u>See</u> <u>Garrido v. Noem</u>, No. EDCV 26-01282-AB-AJRx, 2026 WL 795477, at *3 (C.D. Cal. Mar. 19, 2026) ("Respondents have refused to refer Petitioner for a reasonable-fear interview despite her express articulation of fear of return . . . . Respondents' written and repeated position that Petitioner 'does not qualify' for such an interview reflects a categorical refusal to follow this nondiscretionary requirement." (citation modified)).

## B.    LIKELIHOOD OF IRREPARABLE HARM

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  <u>Hernandez v. Sessions</u>, 872 F.3d 976, 994 (9th Cir. 2017) (citation modified) (quoting <u>Melendres</u>, 695 F.3d at 1002).  "Deprivation of physical liberty by detention constitutes irreparable harm."  <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 767 (9th Cir. 2018) (citing <u>Hernandez</u>, 872 F.3d at 994); <u>see also</u> <u>Guillermo M. R. v. Kaiser</u>, 791 F. Supp. 3d 1021, 1037 (N.D. Cal. 2025) ("'[T]he irreparable harms imposed on anyone subject to immigration detention . . .' are self-evident." (quoting <u>Hernandez</u>, 872 F.3d at 995)).  Among other harms, immigration detention results in "subpar medical and psychiatric care" for detainees and imposes "economic burdens" and "collateral harms" on the families of detainees.  <u>Hernandez</u>, 872 F.3d at 995.  "In the absence of an injunction, harms such as these will continue to occur needlessly on a daily basis."  <u>Id.</u>

Here, as stated above, Petitioner has sufficiently shown he "is likely to succeed on the merits of [his] reasonable fear claim that []he suffered a violation of 8 C.F.R. § 241.8(e)."  <u>Ramirez,</u>

---

[2] Notably, if Respondents are not attempting to reinstate the 2014 removal order against Petitioner, they would appear to have no basis for detaining Petitioner.  <u>See</u> <u>Veltmann-Barragan v. Holder</u>, 717 F.3d 1086, 1088 (9th Cir. 2013) (holding petitioner could not be in custody because the government never reinstated the previous removal order after petitioner left and subsequently reentered the country).

2026 WL 851359, at *3.  Further, Petitioner will suffer "patently obvious" irreparable harm if he is removed to a country regarding which he has expressed a fear of persecution or torture without notice and an opportunity to be heard.  Nadari v. Bondi, No. CV 25-07893-JLS-BFMx, 2025 WL 2934514, at *2 (C.D. Cal. Sep. 3, 2025).  Hence, Petitioner will be irreparably harmed absent relief from this Court.

Accordingly, the second Winter factor weighs in favor of Petitioner.

## C.    BALANCE OF EQUITIES AND PUBLIC INTEREST

The final two Winter factors "merge when the Government is the opposing party."  Nken v. Holder, 556 U.S. 418, 435 (2009).  The Ninth Circuit has recognized "neither equity nor the public's interest are furthered by allowing violations of federal law to continue."  Galvez v. Jaddou, 52 F.4th 821, 832 (9th Cir. 2022) (citation modified) (affirming the balance of hardships weighed in favor of plaintiffs alleging the government violated the Immigration and Nationality Act).

Here, because Petitioner has demonstrated a likelihood of success on his claims, the balance of equities and public interest "tip[] sharply" in his favor.  All. for the Wild Rockies, 632 F.3d at 1135.  Moreover, Respondents' interest in enforcing immigration laws is not compelling because "our system does not permit agencies to act unlawfully even in pursuit of desirable ends."  Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs., 594 U.S. 758, 766 (2021) (citing Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 582, 585-86 (1952)); see also Cmty. Legal Servs. in E. Palo Alto v. U.S. Dep't of Health & Hum. Servs., 777 F. Supp. 3d 1039, 1045-46 (N.D. Cal. 2025), appeal dismissed, No. 25-2358, 2025 WL 1189827 (9th Cir. Apr. 18, 2025) ("[C]ourts regularly find that '[t]here is generally no public interest in the perpetuation of unlawful agency action.'" (quoting League of Women Voters of U.S. v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016))).  Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [Petitioner's] favor."  Hernandez, 872 F.3d at 996.

Accordingly, the third and fourth Winter factors weigh in favor of Petitioner.

\*    \*    \*

Thus, because all four Winter factors weigh in favor of Petitioner, Petitioner is entitled to injunctive relief.

### V.
### CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.    Petitioner's Motion is **GRANTED**;[3]

---

[3] Federal Rule of Civil Procedure 65(c) permits a court to grant injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court 'with discretion as

2.      Respondents are **ORDERED TO IMMEDIATELY REFER** Petitioner to an asylum officer for a reasonable fear determination, pursuant to 8 C.F.R. § 241.8(e), **no later than three (3) days from the date of this Order**; and

3.      Respondents are **ORDERED** to file a status report **no later than three (3) days from the date of this Order**, regarding their compliance with this Order.

This Order shall remain in effect until further order by the Court. Failure to comply with this Order will result in sanctions. Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the Magistrate Judge. Any objections to Report and Recommendations issued by the Magistrate Judge shall be filed no later than three (3) days from the date of the Report and Recommendation.

**IT IS SO ORDERED**.

---

to the amount of security required, if any.'" <u>Johnson v. Couturier</u>, 572 F.3d 1067, 1086 (9th Cir. 2009) (emphasis removed) (quoting <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 919 (9th Cir. 2003)). Here, it is unlikely Respondent will incur any significant costs, and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." <u>Baca v. Moreno Valley Unified Sch. Dist.</u>, 936 F. Supp. 719, 738 (C.D. Cal. 1996). Accordingly, the Court waives the bond requirement.